# CASES DETERMINED

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

## OCTOBER TERM, 1898.

---

JONES, EDWARDS & COMPANY, Appellants, v. J. B. ROBERTSON, Respondent.

### St. Louis Court of Appeals, October 18, 1898.

Attachment: PRACTICE, APPELLATE. Where the appellate court had held on a former consideration of the case that there was no error in the remainder of the instructions given and refused on the trial and the supposed erroneous instruction was found upon an examination of the original paper containing the instruction to be correct. *Held*, the appellate court can not now disturb the judgment on the pleas in abatement.

*Appeal from the Monroe Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

R. B. BRISTOW and T. F. HURD for appellant.

Plaintiff's instruction number 1 ought to have been given. McNichols v. Wise, 62 Mo. App. 443.

Plaintiff's second instruction ought to have been given. Burgert v. Borchert, 59 Mo. 80; Crow v. Beardsley, 68 Mo. 435; Rupe v. Atkins, 77 Mo. 841. The refusal of the court to give plaintiff instruction number 1 and giving the instruction 1, 2, 3 and 4 by the court of its own motion ignored the law as declared by this court in McNichols v. Wise, *supra*, and submitted to the jury the issue whether or not the defendant had done or was about to do what he told plaintiff's attorney he would do if he sued him and afterward and before suit was brought wrote the plaintiff's attorney what he had done and that he was "fixed" for him so that nothing could be made out of him; under the law of estoppel as plainly declared by the learned judges in McNichols v. Wise to be applicable to attachments. The defendant is and ought to be estopped from denying his plain declarations that he intended to "fix" his property and afterward that he had "fixed" it to prevent plaintiff from collecting his debt. Appellant asks that the judgment on the attachment be reversed and cause remanded.

J. H. WHITECOTTON and GEO. H. BROOKS for respondent.

The court committed no error in refusing plaintiff's instruction number 1, because it is not properly qualified, taking plaintiff's theory of the case. It omitted two elements which are necessary to the operation of an estoppel, that is, the plaintiff believed the statement and acted upon it in bringing the attachment suit. McNichols v. Wise, 62 Mo. App. 443 (see page 448 same). The court committed no error in refusing plaintiff's instruction number 2, for the reason that said instruction was covered by the instructions given by the court of its own motion. Meriwether v. K. C. Cable Co., 45 Mo. App. 528; Benjamin v. R'y, 50 Mo.

App. 602; Naylor v. Cox, 114 Mo. 232; Shaffner v. Leahy, 21 Mo. App. 110. As to the plaintiff's third point, the respondent contends the court fully instructed the jury as to all the issues in the case. The plaintiff not having raised the question of "estoppel" in the pleadings, nor in the trial of the case is too late in urging this question for the first time in this court. The plaintiff having made no objection to the admission of defendant's testimony, explaining the letter and his acts and conversations can not now be heard to complain for the first time as to the court's instructions on the issues so raised. The instructions should not be broader than the issues raised by the pleadings and the evidence, and the plaintiff having waived the question of estoppel in the pleadings and the admission of evidence, can not now for the first time be heard to complain. Waddingham v. Hulett, 92 Mo. 528; Duke v. Mo. Pac. R'y, 99 Mo. 351.

BOND, J.—This is an attachment suit for the price of goods sold to defendant. The grounds for attachment are those provided in subdivisions 7, 8, 9 and 10 of section 521 of the attachment laws. Issue was taken by pleas in abatement and a verdict and judgment thereon rendered for defendant. Plaintiff recovered on the merits and appealed from the adverse finding on the pleas in abatement.

This cause was heretofore submitted to this court and a judgment rendered reversing and remanding it for the reason that upon the record *then* before us it appeared that the trial court in an otherwise apt instruction, used the term "and" instead of the word "or." Upon motion for rehearing it was alleged that the record before us was incorrect in the substitution of these terms. That motion being sustained we caused the original paper containing the instruction in question

used and on file in the circuit court to be certified to this court. It appears from this paper that the instruction was properly phrased and did not in fact contain the word "and" where the word "or" should have been. The verdict on the pleas in abatement was against plaintiff, on whom the burden of proof rested, besides the evidence on that issue was conflicting. Having ruled on the former consideration of this case that there was no error in the remainder of the instructions given and refused on the trial, we can not now disturb the judgment on the pleas in abatement. It will therefore be affirmed. All concur.